IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CR-00137-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES MICHAEL HARDIN (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, which he asks not be treated as a second or successive collateral attack. (Doc. No. 124).

The gravamen of the defendant's complaint is the drug quantity used to determine his sentence. (Id. at 19). However, the Supreme Court has recognized:

> Rule 35 delineates a limited set of circumstances in which a sentence may be corrected or reduced. Specifically, it authorizes a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing, Rule 35(a), and it authorizes a reduction for substantial assistance on the Government's motion, Rule 35(b)."

Dillion v. United States, 560 U.S. 817, 828 (2010). Here, the defendant was sentenced on March 22, 2018, (Doc. No. 115: Judgment), and his motion was submitted more than a year later. Therefore, relief is not available under Rule 35(a). Additionally, 28 U.S.C. § 2255 allows a prisoner to move to vacate a sentence obtained in violation of the Constitution or laws of the United States, with certain limitations.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 124), is **DISMISSED** as untimely. The Clerk's Office is directed to send a form-motion to vacate to the defendant with service of this Order.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: June 28, 2019

Robert J. Conrad, Jr.
United States District Judge